**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2021-NMCA-013**

**Filing Date: January 7, 2021**

**No. A-1-CA-39004**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**ALEJANDRO M.,**

     Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey A. Shannon, District Judge**

Certiorari Denied, March 8, 2021, No. S-1-SC-38654.  Released for Publication May 11, 2021.

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**OPINION**

**B. ZAMORA, Judge.**

**{1}** In this interlocutory appeal, Alejandro M. (Child) contends that the district court erred in denying his emergency motion to quash or dismiss the State's notice of intent to seek adult sanctions against him. The district court denied the motion, finding that the COVID-19 pandemic constituted an "exceptional circumstance" under Rule 10-213(D) NMRA, justifying an extension of the time limit for determining probable cause at a preliminary hearing. We affirm.

**BACKGROUND**

**{2}** The State charged Child with shooting at or from a motor vehicle, contrary to NMSA 1978, Section 30-3-8(B) (1993); aggravated battery with a deadly weapon, contrary to NMSA 1978, Section 30-3-5 (A), (C) (1969); and two counts of tampering with evidence, contrary to NMSA 1978, Section 30-22-5(A) (2003). On March 26, 2020, the State filed a notice of intent to seek adjudication of Child as a youthful offender and to invoke an adult sentence and a preliminary hearing was set for April 6, 2020. Child was permitted to appear by remote means in accordance with social-distancing best practices to avoid spreading the COVID-19 virus. Due to technical difficulties, Child appeared by phone rather than by video during the preliminary hearing, and because Child was not visible, the prosecution's witness was unable to identify him. There is no indication that Child ever notified the State or the district court that he would be unable to appear by video. Defense counsel raised identification as a contested issue for the first time during the preliminary hearing. In response, the district court continued the hearing and required Child to appear in person at the next hearing to provide the State with an opportunity to identify Child. The State requested a one-week continuance, but defense counsel asked for a two-week continuance. Accommodating Child's request, the court scheduled the hearing for April 28, 2020, thirty-three days after the State filed its notice of intent to proceed against Child as a youthful offender.

**{3}** One day prior to the April 28, 2020 hearing, Child filed an emergency motion to quash or dismiss the State's notice of intent to seek adult sanctions because a probable cause determination had not been made within thirty days after the State filed the notice. On April 28, 2020, the district court denied Child's motion. The district court found that the COVID-19 pandemic constituted an exceptional circumstance justifying extending the time limit under Rule 10-213(D). Child was identified during the hearing that day, and the district court found that probable cause existed. The district court then granted Child's motion to certify the denial of Child's motion to quash to this Court as an interlocutory appeal.

**DISCUSSION**

**{4}** Resolution of this appeal turns upon whether the COVID-19 pandemic constitutes an "exceptional circumstance[]" under Rule 10-213(D), such that the district court was justified in extending the deadline for making a probable cause determination under Rule 10-213.[1] Child argues that the district court erred in denying Child's motion to quash because the COVID-19 pandemic was not an "exceptional circumstance" justifying extension of time under Rule 10-213(D), and further argues that the state had an affirmative obligation to request a hearing within the thirty-day timeline. We disagree.

**{5}** We review a district court's interpretation of rules of procedure de novo. *State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184 (applying de novo review to interpretation of children's court rules). However, we review a district court's decision to deny or grant a continuance or extension under an abuse of discretion standard. *See*

---

1Child does not contend that the requirement that a probable cause determination be made within ten days was violated, *see* Rule 10-213(B)(1), but instead argues only that the district court erred in extending the thirty-day timeline under Rule 10-213(B)(2).

*State v. Anthony L.*, 2019-NMCA-003, ¶¶ 7-8, 16, 433 P.3d 347 (holding that the district court did not abuse its discretion in granting an extension to commence a child's adjudication under the Children's Code); *see also Vigil v. Fogerson*, 2006-NMCA-010, ¶ 56, 138 N.M. 822, 126 P.3d 1186 (noting that we consider relief for exceptional circumstances to be an equitable remedy, which we review for an abuse of discretion). An abuse of discretion occurs when the ruling is "clearly untenable or not justified by reason." *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (internal quotation marks and citation omitted). We review the evidence in the light most favorable to the district court's decision. *Id.*

**{6}**     Rule 10-213(B) provides:

**B.      Probable cause determination**

         (1)     *Timing.* Unless the child waives the right to a probable cause determination, such a determination shall be made within ten (10) days from the last to occur of the following:

                  (a) the filing of a notice of intent to seek adult sanctions; or

                  (b) the filing of a peremptory election to excuse a judge under Rule 10-162 NMRA.

         (2)     *Extensions of time.* The children's court, for good cause shown, may extend the time for a probable cause determination, provided that such time shall not be extended to more than thirty (30) days from the last to occur of Subparagraph (B)(1)(a) or (b) under this rule.

Rule 10-213(D) provides, "Absent a showing of exceptional circumstances, a failure to comply with the time limits set forth in this rule shall require proceeding under these rules as they apply to delinquent children and shall preclude imposing adult sanctions against the child."

**{7}**     No New Mexico court has interpreted the meaning of "exceptional circumstances" under Rule 10-213(D). The State agrees with Child's definition of "exceptional circumstances" taken from *Black's Law Dictionary*, which defines the phrase as "conditions which are out of the ordinary course of events; unusual or extraordinary." *Exceptional Circumstance, Black's Law Dictionary* 560 (6th ed. 1990). While we are not bound by parties' stipulations or concessions, we view such stipulations with favor. *See Tucson Elec. Power Co. v. Tax'n & Revenue Dep't*, 2020-NMCA-011, ¶ 10, 456 P.3d 1085. Our own review indicates that New Mexico courts have defined "exceptional circumstances" in other contexts as those circumstances "beyond the control of the parties or court[,]" *Duran v. Eichwald*, 2009-NMSC-030, ¶¶ 7-8, 146 N.M. 341, 210 P.3d 238, and as "conditions that are unusual or extraordinary, such as death or illness of the judge, prosecutor, or defense attorney immediately preceding the commencement of trial; or other circumstances that ordinary experience

or prudence would not foresee, anticipate, or provide for[.]" *State v. Rangel-Vasquez*, No. A-1-CA-35695, mem. op. ¶ 13 (N.M. Ct. App. Aug. 1, 2018) (non-precedential) (quoting Rule 7-506 NMRA comm. cmt.); *accord Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369 (holding that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects"). We hold that "exceptional circumstances" for purposes of Rule 10-213(D) are those circumstances out of the ordinary course of events, that ordinary experience or prudence would not foresee, anticipate, or provide for, that are beyond the control of the parties and the court.

**{8}** We now turn to the facts relied on by the district court to determine whether the district court's decision to extend the deadline under Rule 10-213(B) was an abuse of its discretion. We conclude that it was not. COVID-19 is a rapidly evolving public health crisis of an extraordinary magnitude. *See United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020) ("[T]he unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic has become apparent."). The pandemic was recognized as a public health emergency in New Mexico on March 11, 2020, when an executive order was issued declaring a public health emergency due to the spread of COVID-19. *See* State of N.M., Executive Order 2020-004 (March 11, 2020), available at https://link.cloudtransitserver.com/u/b9813d5f/vBZdVsCt6xGOtHA58Y9C_g?u=https%3A%2F%2Fwww.governor.state.nm.us%2Fwp-content%2Fuploads%2F2020%2F03%2FExecutive-Order-2020-004.pdf (last visited Dec.16 2020). Six days later, on March 17, 2020, our Supreme Court issued Order No. 20-8500-002 suspending "all criminal jury trials arising under the Rules of Criminal Procedure for the District, Metropolitan, and Magistrate Courts that have not yet commenced[.]" *See* Supreme Court Order No. 20-8500-002 (March 17, 2020) at 3, available at https://link.cloudtransitserver.com/u/7e68d05d/FFpdVsCt6xGOtHA58Y9C_g?u=https%3A%2F%2Fwww.nmcourts.gov%2Fwp-content%2Fuploads%2F2020%2F12%2FOrder-No_-20-8500-002-Precautionary-Measures-for-NM-Court-Operations-During-COVID-19-Public-Health-Emergency-3-17-20-1.pdf (last visited Dec. 18, 2020). On April 6, 2020, the day of the preliminary hearing, the March 11, 2020 executive order was extended proclaiming a "public health emergency[.]" *See* State of N.M., Executive Order 2020-022 (April 6, 2020), available at https://link.cloudtransitserver.com/u/7427ef0a/8opdVsCt6xGOtHA58Y9C_g?u=https%3A%2F%2Fwww.governor.state.nm.us%2Fwp-content%2Fuploads%2F2020%2F04%2FEO_2020_022.pdf (last visited Dec. 18, 2020). Finally, four days after the first preliminary hearing that was continued, the Supreme Court issued Order No. 20-8500-012, outlining procedures to be utilized when issues regarding identification of a defendant arise. *See* Supreme Court Order No. 20-8500-012 (April 10, 2020) at 2, available at https://link.cloudtransitserver.com/u/d90eaf24/YMJdVsCt6xGOtHA58Y9C_g?u=https%3A%2F%2Fwww.nmcourts.gov%2Fwp-content%2Fuploads%2F2020%2F12%2FOrder-No_-20-8500-012-Amendments-to-Certain-Procedrual-Requirements-for-all-Proceedings-and-Case-Types-During-COVID-19-PHE-4-10-20.pdf (last visited Dec. 18, 2020). In relevant part, this order required a party "challenging the identification of a

defendant . . . [to] notify the court and opposing counsel at least forty-eight (48) hours before the hearing so that the court and opposing counsel have adequate time to prepare and make arrangements for conducting the hearing in a manner conducive to addressing and resolving a challenge to the identity of the defendant."[2] *Id.* Based on these orders, the district court found that the COVID-19 pandemic was a public health emergency constituting an "exceptional circumstance."[3] The district court found that "the hearing would have occurred within the . . . deadline but for the COVID-19 pandemic precautions and identification issue raised by Child during the first hearing" and that "the COVID-19 pandemic and the precautionary measures that are being followed because of it are exceptional circumstances that justify extending the [thirty-]day deadline by three days under Rule 10-213(D)[.]"

{9}     The district court's finding is consistent with the holdings of courts in other jurisdictions that have held that the COVID-19 pandemic and its attendant precautionary social-distancing requirements constitute exceptional circumstances warranting the extension of deadlines. *See, e.g.*, *United States v. Carrilllo-Villa*, 451 F. Supp. 3d 257, 260 (S.D.N.Y. 2020) (holding that the outbreak of COVID-19 and responses to it presented extraordinary circumstances, and thus, justice required delay in the deadline for holding preliminary hearing); *People ex rel. Arogyaswamy v. Brann*, 68 Misc. 3d 738, 744, 126 N.Y.S.3d 341, 346 (N.Y. Sup. Ct. 2020) ("The delay beyond the 144 hours for a preliminary hearing specified in the statute is justified and falls under the rubric of 'good cause.' "); *Baldree v. Vallen Distrib., Inc.*, 2020 WL 6875156, at *5 (W.D.N.C. Nov. 23, 2020) (non-precedential) (granting equitable tolling in light of ongoing "extraordinary circumstances" created by the COVID-19 pandemic); *Dale v. Williams*, 2020 WL 4904624, at *1 (D. Nev. Aug. 20, 2020) (non-precedential) ("[T]he COVID-19 pandemic is an extraordinary circumstance that is preventing parties from meeting deadlines established both by rules and by statutes."). Similarly, we hold that the district court acted within its discretion in finding that the COVID-19 pandemic and the resulting precautionary measures were exceptional circumstances warranting an extension of time to make a probable cause determination under Rule 10-213(B).

{10}    We briefly address Child's argument that it was the State's obligation to establish identity and that the State should have accordingly filed a motion requiring Child to appear at an earlier court date within the thirty-day timeline set by Rule 10-213(B)(2). We are not persuaded that it was incumbent upon the State to reschedule the preliminary hearing within the thirty-day timeline after technical difficulties prevented Child from appearing by video during the April 6, 2020 hearing. First, there is no indication that the State could or should have anticipated that Child would be unable to appear by video during the first preliminary hearing. Second, it was Child, and not the State, who asked for a two-week extension, placing the second hearing outside of the

---

2While it is axiomatic that Child was not required to adhere to the procedure outlined in Supreme Court Order No. 20-8500-002 for the preliminary hearing because the order was issued only after the hearing had already been held, we do agree that the adoption of this order evidences the seriousness of the COVID-19 pandemic.

3In addition, defense counsel specifically acknowledged that the COVID-19 pandemic "is an unprecedented public health crisis."

thirty-day timeline. Thus, the second preliminary hearing was scheduled on day thirty-three of the Rule 10-213(B) timeline as a result of defense counsel's request, and not as a result of inadvertence on the part of the State. In other words, the rescheduling of the otherwise timely initial hearing due to unforeseen complications arising from judicial responses and safeguards responsive to the COVID-19 pandemic was a circumstance out of the ordinary course of events that was unforeseeable and beyond the control of the parties and the district court.

**{11}** Having concluded that COVID-19 constitutes an exceptional circumstance, we do not believe the district court abused its discretion in granting a continuance in this case.[4]

**CONCLUSION**

**{12}** We affirm.

**{13}  IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**

---

[4]Given our opinion today, we need not address Child's argument that the State attempted to circumvent the rule by filing an amended petition on the morning of the continued hearing, nor do we address Child's arguments citing to Rule 5-604 NMRA, a rule unrelated to the issue we resolve today.