This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39958**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**JOHN PLUMMER,**

 Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Felicia R. Blea-Rivera, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant has appealed his convictions for aggravated DWI (third offense) and possession of an open container. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** At this juncture Defendant renews only one issue, challenging the denial of his motion to dismiss for violation of Rule 7-506 NMRA. [MIO 1-10] He contends that the metropolitan court's application of a 90-day extension, based upon the lack of availability of a timely setting for a jury trial due to the backlog of cases that accrued as a consequence of the COVID-19 public health emergency, was improper. We disagree.

**{4}** The New Mexico Supreme Court's Order No. 20-8500-42, which is applicable to the matter at hand, specifically exempts "any period of time delay caused by the [COVID-19] public health emergency" from the calculation of deadlines under Rule 7-506. As Defendant observes, findings are required. In this case, the requisite findings were made. The metropolitan court unambiguously explained that there were no available jury panels or trial calendar openings due to capacity limitations and that the necessity for a 90-day extension was caused by the public health emergency. [RP 30]

**{5}** Defendant contends that it was incumbent upon the metropolitan court to specifically identify the next calendar date available, and/or engage in more complex and "precise calculations," [MIO 9] rather than granting a blanket 90-day extension. [MIO 8-10] We find no support for that proposition. The Supreme Court's order simply required the judge to enter findings explaining that the "period of delay was caused by the . . . public health emergency." The metropolitan court's findings did precisely that, relative to the 90-day "period of delay" in question. [RP 30] The fact that the metropolitan court was ultimately able to schedule the jury trial within eighty-three days, rather than the full ninety days allowed, [MIO 9] does not undermine the validity of the metropolitan court's approach. Both the language and the spirit of the Supreme Court's order accommodate a degree of flexibility, particularly in light of the extraordinary scheduling challenges that the public health emergency has presented. *Cf. State v. Alejandro M.*, 2021-NMCA-013, ¶ 9, 485 P.3d 787 (acknowledging "that the COVID-19 pandemic and its attendant precautionary social-distancing requirements constitute exceptional circumstances warranting the extension of deadlines").

**{6}** Finally, Defendant suggests that a 90-day extension should be regarded as so lengthy that it is impermissible. [MIO 9-10] Once again, we disagree. The Supreme Court's order did not impose any specific time limitation upon extensions granted pursuant to its terms. To the extent that Defendant may invite this Court to recognize or adopt such a limitation, we decline to do so.

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**