This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40215**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHARLES G.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**DECISION**

**MEDINA, Judge.**

**{1}** A district court adjudicated Child delinquent following a jury determination that he committed aggravated battery against a household member, contrary to NMSA 1978, Section 30-3-16 (2018); false imprisonment, contrary to NMSA 1978, Section 30-4-3 (1963); and criminal trespass, contrary to NMSA 1978, Section 30-14-1(B) (1995). Child asserts that his adjudications should be dismissed because they were obtained beyond the deadline for commencing adjudicatory hearings under Rule 10-243 NMRA. Child

argues that the district court's grant of the State's request to continue his adjudicatory hearing and to extend time to hold the adjudicatory hearing was error because the State's motion for an extension of time was not submitted in writing and because the district court did not enter a written order granting the extension in violation of Rule 10-243(D), (E). Alternatively, Child argues that the district court failed to properly follow New Mexico Supreme Court Order No. 20-8500-025[1] to exclude time from the calculation of when Child's adjudicatory hearing must take place. Child also argues that the district court abused its discretion by failing to rule on Child's motion to exclude text messages between Child and Victim before trial, which allowed the State to reference the excluded evidence in its opening statement. We hold that the district court's failure to enter a written order granting the State's oral motion for an extension does not require reversal and dismissal of Child's adjudications. As such, we do not address Child's alternative theory that the district court failed to properly follow Order No. 20-8500-025. We also hold that the district court timely ruled on Child's motion to exclude and did not prejudice Child. We therefore affirm.

**BACKGROUND**

**{2}** The State filed a delinquency petition against Child on July 12, 2021, alleging that Child committed the delinquent acts of aggravated battery on a household member, false imprisonment, and criminal trespass based on acts committed against Victim. The same day, the district court released Child to the custody of his father. The adjudicatory hearing was originally scheduled for October 7, 2021. A week before the hearing, the State moved to revoke Child's conditions of release, alleging Child violated them by contacting Victim. The district court revoked Child's conditions of release and ordered Child detained on October 1, 2021. The district court also rescheduled the adjudicatory hearing for November 4, 2021.

**{3}** On November 4, 2021, the State orally moved for an extension of time and a continuation of the adjudicatory hearing. The State notified the district court that it was now in possession of possible exculpatory text messages between Victim and Child that Victim previously believed were deleted. The district court granted a short recess to allow the defense to view the text messages. When the parties returned, the State informed the district court that it received information that Victim had tested positive for COVID-19. The district court then granted the State's motion for an extension of time and a continuance of Child's adjudicatory hearing. Although the State moved for an extension of time and the district court granted the motion, no written motion or order was entered into the record. The district court released Child from custody, and Child's adjudicatory hearing was reset for November 29, 2021.

**{4}** On November 29, 2021, before the start of trial, Child moved to exclude the text messages citing the late disclosure. The district court deferred ruling on the motion to exclude, stating it would rule when the State attempted to enter the messages into

[1]*See* Supreme Court Order No. 20-8500-025 (July 6, 2020), https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-025-Order-Adopting-PHE-Protocols-for-Safe-and-Effective-Operation-of-NM-Courts-7-6-20-with-PHE-Protocols-Attached-1.pdf.

evidence and Child objected. The district court eventually excluded the text messages because the messages were not timely disclosed. The district court also clarified that it granted the extension and continuation of Child's adjudicatory hearing date because of Victim's positive COVID-19 test. The jury found Child committed the delinquent acts alleged in the petition. This appeal followed.

## DISCUSSION

### I. The Absence of a Written Order Granting an Extension of Time Does Not Require Reversal and Dismissal of Child's Delinquency Adjudications

**{5}** Child argues that both the State and district court failed to comply with Rule 10-243(D), (E)'s requirements that a motion for an extension of time and the order granting an extension be filed in writing. "[W]e review a district court's decision to deny or grant a continuance or extension under an abuse of discretion standard." *State v. Alejandro M.*, 2021-NMCA-013, ¶ 5, 485 P.3d 787. "An abuse of discretion occurs when the ruling is clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). To the extent we must interpret Rule 10-243, we review a district court's interpretation of rules of procedure de novo. *See State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184. Although the State's motion for an extension of time and the district court's order granting the motion were not reduced to writings and filed in the record, we hold that reversal and dismissal of Child's delinquency adjudications are not an appropriate remedy.

**{6}** We agree with the parties that under Rule 10-243(B)(1), the deadline for Child's adjudicatory hearing was November 9, 2021, unless a party moved for an extension. *See* Rule 10-243(B)(1) (requiring the state bring a child to an adjudicatory hearing within 120 days from the date the petition is served on the child if the child is not in detention); *see also* Rule 10-107(A)(1) NMRA (explaining how to calculate a time period of eleven days or more). "The party seeking an extension of time shall file with the clerk of the children's court a motion for extension concisely stating the facts that support an extension of time to commence the adjudicatory hearing." Rule 10-243(E). "An order granting an extension shall be in writing and shall state the reasons supporting the extension." Rule 10-243(D). The State does not dispute the absence of a written motion for extension of time or a written order granting the same. However, the State argues that the extension was still valid under Rule 10-243, and therefore the November 29, 2021 adjudicatory hearing did not violate Rule 10-243's time requirement.

**{7}** Child does not challenge that Victim's positive COVID-19 test establishes the requisite good cause to grant an extension of time. *See* Rule 10-243(D). Rather Child only argues that the district court's technical violation of Rule 10-243(D) requires reversal and dismissal of his adjudications under Rule 10-243(F)(2). Child relies on *State v. Doe*, 1979-NMCA-063, ¶¶ 19, 21, 93 N.M. 31, 595 P.2d 1221, where this Court held that dismissal was the remedy for violation of a dispositional time requirement where neither the applicable rule nor the Children's Code stated what the consequence for violating the time requirement was. In *Doe*, the child's dispositional hearing took

place after the required time limit, and there was no indication that the state moved for an extension or continuation. *See id.* ¶¶ 12, 20.

**{8}** The facts here are distinguishable from the facts in *Doe*. Child was brought to his dispositional hearing after the time limit expired because the district court granted the State's motion for an extension of time. The November 29, 2021 adjudicatory hearing extended Child's adjudicatory hearing by twenty days, which was still within the permitted time frame to bring Child to the adjudicatory hearing. *See* Rule 10-243(D) (allowing a child's adjudicatory hearing be extended, so long as the extensions "shall not exceed ninety (90) days").

**{9}** There is no dispute that the district court's failure to memorialize its order granting an extension of time in writing failed to follow the plain language of Rule 10-243(D). We decline, however, to equate the omission of a written order to a failure to bring Child to an adjudicatory hearing within the proper time limit. Rule 10-144 NMRA states that "[e]rror or defect in any ruling, order, act or *omission* by the court or by any of the parties including failure to comply with time limits is not grounds for granting a new hearing or for setting aside a verdict . . . unless refusal to take any such action appears to the court inconsistent with substantial justice or unless these rules expressly provide otherwise." (Emphasis added.) Rule 10-243(F)(2) expressly provides for dismissal if the adjudicatory hearing does not commence within the set time limit, not if there is error in granting an extension of time. Additionally, we observe that Child's counsel was present for the ruling and aware of the district court's reasoning for granting the extension, even though the reasoning was not memorialized in writing. *Cf. State v. Reyes-Arreola*, 1999-NMCA-086, ¶ 10, 127 N.M. 528, 984 P.2d 775 (rejecting the defendant's argument that a failure to enter a written order declaring a mistrial, by itself, barred a second trial when the record clearly established what occurred below).

**{10}** Reversal and dismissal are not an appropriate remedies in this case. Although the State and the district court failed to properly comply with Rule 10-243's process, the district court's decision was not "clearly untenable or not justified by reason." *See Alejandro M.*, 2021-NMCA-013, ¶ 5 (internal quotation marks and citation omitted). Therefore, we hold that this failure does not require reversal or dismissal. We next turn to Child's argument that the district court erred by failing to rule on his motion to exclude before the beginning of the adjudicatory hearing.

## II.    The District Court Timely Ruled on Child's Motion to Exclude

**{11}** Child argues that the district court abused its discretion by failing to rule on his motion to exclude text messages before his adjudicatory hearing began, under Rule 5-212(C) NMRA and *City of Santa Fe v. Marquez*, 2012-NMSC-031, 285 P.3d 637. Child contends the district court's abuse of discretion prejudiced him because it allowed the State to improperly comment on the excluded evidence during its opening statement. We review a district court's interpretation of rules of procedure de novo. *See Stephen F.*, 2006-NMSC-030, ¶ 7. We disagree and explain.

**{12}** Rule 5-212(C) states, "Any motion to suppress filed prior to trial shall be decided prior to trial." *See Marquez*, 2012-NMSC-031, ¶ 28 ("[W]e hold, prospectively, that Rule 5-212(C) requires that motions to suppress be filed before trial and that the district courts must adjudicate suppression issues before trial, absent good cause."). Child argues that the district court erred by failing to rule on his motion before the hearing began, but here Child filed a motion to exclude, not a motion to suppress. "A motion to suppress presupposes that the evidence was *illegally obtained.*" *Id.* ¶ 27 (alteration, internal quotation marks, and citation omitted). Child instead moved to exclude the text messages due to the late disclosure of the evidence as a violation of Rule 5-505(B) NMRA.

**{13}** Rule 5-505(B) states, "If at *any time* during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule . . . the court may . . . prohibit the party from calling a witness not disclosed, or introduce in evidence the material not disclosed." (Emphasis added.) Rule 5-505(B) does not contain the same time restrictions for ruling on a motion as Rule 5-212(C). *Compare* Rule 5-505(B), *with* Rule 5-212(C). We cannot say that the district court erred by ruling on a motion to exclude evidence during trial when doing so is clearly allowed under the rule, and the motion itself was made the morning of trial.

**{14}** We also reject Child's claim that the State discussed the text messages in its opening statements. The State commented only that the jury would "hear through testimony" that Child attempted to contact Victim and intended to return to Victim's house later the night of the delinquent acts. Taken on its own, the State's comment cannot be considered a reference to the excluded text messages. At no point did the State mention text messages or phone use. Rather, the State only notified the jury that testimony, not exhibits, would establish Child's contact with Victim.

**{15}** Our review of the proceedings shows Child's motion is properly considered a motion to exclude and the State did not reference the excluded evidence in its opening statement. Therefore, we hold that the district court did not err by denying Child's motion to exclude after Child's adjudicatory hearing had already begun.

**CONCLUSION**

**{16}** For the forgoing reasons, we affirm.

**{17}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**